UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE WYATT,

                Plaintiff,

      -against-                          17-CV-6256 (CM)

DALLAS SHERIFF DEPARTMENT OF            ORDER
DALLAS COUNTY, *et al.*,

                Defendants.

COLLEEN McMAHON, United States District Judge:

      Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), is incarcerated in Texas. On August 18, 2017, the Court dismissed the complaint without prejudice under 28 U.S.C. § 1915(g) because Plaintiff is barred from filing any new action IFP while a prisoner. *See Wyatt v. Dallas Sheriff Dep't*, No. 11-CV-115 (N.D. Tx. Feb. 25, 2011). Although this matter is closed, Plaintiff has filed multiple letters under this docket number. More than four years later, on January 11, 2022, Plaintiff filed a notice of appeal and a motion for an extension of time to appeal. For the reasons set forth below, Plaintiff's motion for an extension of time to appeal (ECF No. 15) is denied.

## DISCUSSION

      Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

      Because Plaintiff's motion was filed more than four years after the entry of judgment, the Court lacks the authority to grant Plaintiff the relief he seeks. *See Goode v. Winkler*, 252 F.3d

242, 245 (2d Cir. 2001) (holding that district court had no authority to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over thirty days after expiration of initial appeal period). Plaintiff must seek permission to file a late notice of appeal from the United States Court of Appeals for the Second Circuit.

## CONCLUSION

Plaintiff's request for an extension of time to appeal (ECF No. 15) is denied, and the Clerk of Court is directed to terminate it. No further documents will be accepted from Plaintiff in this case with the exception of those directed to the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 2, 2022
         New York, New York

_____
COLLEEN McMAHON
United States District Judge